THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff<br>        V.<br><br>Victor Fajardo Velez<br>    Defendant(s) | CASE NO. 02CR042-01 CC |

NOTICE OF STIPULATION FOR SATISFACTION
OF MONETARY IMPOSITIONS

**TO THE HONORABLE COURT:**



COME NOW plaintiff, United States of America, and defendant, Victor Fajardo who is also represented by his attorney Osvaldo Carlo Linares, and give notice of a stipulation for the satisfaction of monetary imposition as follows:

1)   On December 12, 2002, defendant was sentenced to 151 months as to count one and eight and 120 months as to count five to be served concurrently in prison and term three (3) years of supervised release, as a monetary imposition of $4,300,000.00 in Restitution, and special monetary assessment in the amount of $300.

2)   The defendant will make payments towards the satisfaction of the impositions as follows:

a. Defendant, commencing on June 1, 2014, will make monthly payments in the amount of $2,500.00, in money order or manager's

check payable to the order of the "**Clerk of the U.S. District Court**".

      b. The monthly payments should be sent to the U.S. District Court for the District of Puerto Rico, Federal Bldg., First Floor, Room 101, Carlos Chardon Avenue, San Juan, Puerto Rico 00918.

      3.   Defendant further agrees to furnish any financial document requested by the government and submit to financial evaluations at least twice a year or when his/her economic circumstances change, even after the term of probation has expired, and until all the monetary impositions have been paid in full.

      4.   The defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1,000.00 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any other name, including, trusts, partnerships and/or corporations which have occurred one year prior to indictment or information.

      5.   That defendant understands and agrees that the United States may place defendant into the Treasury Offset Program, which entitles the United States to offset the restitution or fine ordered in this case, with funds otherwise payable to the defendant from any federal agencies, such as the Social Security Administration and the Department of Treasury.  Defendant agrees that he/she shall remain in the Treasury Offset Program so long as he/she has an outstanding

financial obligation arising from the conviction on these pending charges.

6. Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method of enforcement, nor a limitation on the methods, and that the Government may use, in addition to, other available means to enforce the judgment (i.e. garnishments, stipulations, court debtor examinations, voluntary wage deductions, etc.)



7. The defendant authorizes the "Clerk, of the U.S. Courts" to release the funds posted as security for his/her Appearance Bond in this case, for it to be applied to satisfy the financial obligation of the defendant.

8. In the event defendant fails to satisfy the monetary impositions the plaintiff may add ten (10%) percent penalty if the delinquency continues for more than thirty (30) days, and an additional fifteen (15%) percent penalty of the unpaid principal if the payment is delinquent for more than ninety (90) days as provided by law.

9. The Government reserves the right, if defendant fails to comply with any of the above terms or conditions, to request the Court any order, without the need for any further hearing, in furtherance of any other collection remedy as provided by law.

10. The United States will file Notices of Liens in the different Property Registries in accordance with the law.

11. Defendant acknowledges that the undersigned Assistant U.S. Attorneys work for the Department of Justice and represent only the interests of the United States; and further, the defendant acknowledges that he/she has been advised to retain counsel as the interest of the United States is adversarial to the interest of the defendant.

12. The United States may enforce the judgment for a term of 20 years in accordance with 18 U.S.C. § 3613 (b), and for 20 more years, after the entry of the judgment.

CERTIFICATE: I HEREBY CERTIFY that on this date the foregoing was filed via CM/ECF which will automatically notify all participants of record.

In San Juan, Puerto Rico this ___ day of _____ 2014.

Victor Fajardo-Velez
Defendant
La Villa Gardens Apt Q705
Guaynabo, PR 00971
Tel.(787)993-1425

Osvaldo Carlo Linares, Esq.
Carlo Law Offices, P.S.C.
1509 Lopez Landron St. PH
San Juan, PR 00911
Tel (787)721-6010

ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY

Rebecca Vargas-Vera, 203307    5/20/2014
Assistant U.S. Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, PR 00918
Tel. (787)766-5656